RECEIVED
BY ___
DEC 2 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

05cv16083

| THEREASA W. LACY, MICHAEL F. WILSON, Plaintiffs, v. HARLEY LAPPIS, et al., Defendants. |
|---|

Civil Action 04-291 (HHK)

**1:06cv2409  SEC. P
JUDGE DRELL
MAG. JUDGE KIRK**

## MEMORANDUM OPINION

This matter comes before the court on defendants' motion to dismiss or, in the alternative, for transfer. Plaintiff Michael F. Wilson is a federal inmate incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). Plaintiff Thereasa Lacy is an individual who visits Mr. Wilson at the prison. Plaintiffs have filed an action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), against the Director of the Bureau of Prisons ("BOP") and individuals employed by BOP.[1] Because the court concludes that it lacks personal jurisdiction over the defendants, the case will be transferred to the United States District Court for the Middle District of Louisiana.

---

[1] The complaint names the Director of the Bureau of Prisons "Harley Lappis." The Director's actual name is Harley Lappin and will be referred to as such hereafter.

1 [printed copy of a] document which [was electronically] filed with the United States District Court for the District of Columbia.
Date Filed: _____
NANCY MAYER-WHITTINGTON, CLERK
By: _____

# I. BACKGROUND

Plaintiffs allege that on April 19, 2003, Lacy visited Wilson at USP-Pollock, having driven to the facility with Monique Mitchell, an individual who was to meet with another inmate. Compl. ¶ 8. Lacy's visit was cut short because Mitchell had introduced contraband into the prison, to wit: marijuana-filled balloons. *Id.* at 8-9, 30, 34. Lacy was informed by BOP staff that she could no longer visit USP-Pollock because they believed she assisted Mitchell in bringing in the contraband. *Id.* at 8-9.

After Mitchell had been discovered with the contraband, plaintiffs allege Lacy was asked to submit to a strip search, which she refused, and that she was prevented from leaving the prison. *Id.* at 9. Plaintiffs also claim that BOP Senior Officer Brian Hunt asked for Lacy's car keys so that Mitchell could retrieve her purse from Lacy's car. *Id.* at 11. Hunt also told Lacy that if she did not give him the keys, she would have to leave the facility. Lacy handed her keys to Officer Hunt. *Id.*

When Lacy eventually left the prison, she discovered that all of Mitchell's belongings had been removed from her vehicle. *Id.* Lacy alleges that because Mitchell's belongings had been removed and "various oddities" she noticed upon entering the vehicle, it was clear someone had searched her vehicle. *Id.* Lacy contends she did not give BOP staff permission to search her vehicle, she was never informed a search would be performed, and she was never presented with a search warrant. *Id.* at 12. BOP employees deny conducting a search of the vehicle. *Id.* Plaintiff Lacy claims that her detention by BOP staff and the search of her vehicle violated her constitutional rights. *Id.* at 11, 14.

Wilson alleges that BOP staff performed a strip search of him. *Id.* at 8. After finding nothing, Wilson was ordered transferred to the Special Housing Unit ("SHU"). *Id.* On May 1, 2003, Wilson appeared before the Unit Disciplinary Committee ("UDC") for a hearing on the charges in the incident report, attempting to introduce narcotics into the prison and criminal use of a telephone. *Id.* The UDC recommended that the case be heard by a Disciplinary Hearing Officer ("DHO"). *Id.*

DHO Milton B. White found Wilson guilty of the charged offenses. *Id.* at 10. DHO White imposed a punishment of five years of telephone and visitation restrictions. *Id.* Plaintiff Wilson alleges that the strip search and the manner in which his disciplinary hearing was conducted violated his due process rights under the Fifth Amendment. *Id.* at 14, 18-27, 37, 38, 41. Wilson also claims the punishment was cruel and unusual within the meaning of the Eighth Amendment and a violation of equal protection. *Id.* at 10, 17.

## II. ANALYSIS

Defendants move to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Defendants' position has merit.

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C. 2003). In order to meet his burden, a plaintiff must allege specific facts upon which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, a plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* In deciding a motion to dismiss for lack of personal jurisdiction under Rule

12(b)(2), the court need not treat plaintiff's allegations as true. *Id.* Rather, the court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

The District of Columbia long-arm statute, D.C. Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States*, 750 F.2d 1039, 1040 (D.C. Cir. 1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D. D.C. 1995). The District of Columbia long-arm statute provides that a court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code § 13-423(a)(1)-(4).

For there to be personal jurisdiction under the long-arm statute, plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.*, 871 F.Supp. 46, 48 (D.D.C. 1994). At the very least, plaintiff must allege a tortious injury in the District of Columbia even if the act causing the injury took place elsewhere. D.C. Code § 13-423(a)(4). *See Crane v. Carr*, 814 F.2d 758, 762-63 (D.C. Cir. 1987); *Blumenthal v. Drudge*, 992 F.Supp. 44, 53-54 (D.D.C. 1998).

Plaintiffs' claims arise from conduct by BOP officials in Pollock, Louisiana. Plaintiffs have made no allegation that these defendants reside in or maintain a place of business in the District of Columbia. In addition, none of the tortious acts alleged by plaintiffs occurred in the District of Columbia. According to the complaint, all of the BOP officials involved in the challenged action are in Louisiana. *See* Compl. at 7. And plaintiffs have not alleged that a tortious injury resulted from any actions of the defendants that occurred in this jurisdiction. This court therefore lacks jurisdiction over the defendants in Louisiana: Carl Casterline, Milton B. White, J. Feeney, Lieutenant Bower, Officer Hunt, Officer Holmes, and Unknown BOP Front Desk Officer.

Defendant Lappin is employed in the District of Columbia, but the claims against him are also subject to dismissal. As stated above, plaintiffs' allegations concern conduct that occurred in Louisiana. Defendant Lappin appears to be named solely on the assumption that policy decisions in Washington affected decisions made by the other defendants. This is not a proper basis for a claim against agency officials based in this court's jurisdiction. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Moreover, a *Bivens* claim cannot be based on *respondeat superior*. *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1999). The complaint must allege that federal officials were personally involved in the illegal conduct. *Id.* In this case, the complaint fails to meet this standard.

If a court concludes that it lacks personal jurisdiction over the defendants, rather than dismiss the case, the court may transfer the case to another district court in the interest of justice and for the convenience of the parties. *United States v. Smithfield Foods*, 332 F.Supp.2d 55, 63 (D.D.C. 2004). The court may transfer the action to any district court where the case could have

been brought. *Schmidt v. American Institute of Physics*, 322 F.Supp. 2d 28, 32 (D.D.C. 2004); *see also* 28 U.S.C. § 104(a). Since the defendants and plaintiff are in the Middle District of Louisiana, the case could have been filed there. Moreover, transfer would be in the interest of justice and a convenience for the parties. The Court will transfer the case, therefore, rather than dismiss the action.

### III. CONCLUSION

For the foregoing reason, defendants' motion, in the alternative, to transfer will be granted. An appropriate order accompanies this memorandum..

HENRY H. KENNEDY, JR.
United States District Judge

DATE: